# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

TRACY ROBINSON,
As Next of Friend of
MARVIN MOBLEY,

    Plaintiff,

vs.                                                              Case No. 4:23cv530-AW-MAF

ACV HEALTH SERVICE, LLC
D/B/A GOOD SAMARITAN CENTER,

    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

This case was initiated on December 18, 2023, with the submission of a "notice of removal," ECF No. 1, and motion for leave to proceed in forma pauperis, ECF No. 3. The notice is submitted by pro se Plaintiff Tracy Robinson, and indicates Plaintiff is seeking to remove a case pending in the Circuit Court of the Third Judicial Circuit, in an for Suwannee County, Florida. ECF No. 1 at 1. Plaintiff brings the case as "Next Friend" of Marvin Mobley. *Id.* The in forma pauperis motion is signed by Tracey

Robinson.  ECF No. 3 at 5.  Good cause having been shown, the motion is granted and Plaintiff is not required the pay the filing fee for this case.

However, there are three primary deficiencies with the "notice of removal."  First, the statute governing removal of civil actions provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A defendant may remove an action, but not the Plaintiff.  That is so because a plaintiff has the initial choice in where to file a case.  Here, removal is not proper because the notice of removal advises that Plaintiff seeks to remove this case.

Second, the removal statute requires the notice of removal to include a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  Plaintiff's notice does not comply with § 1446(a) and did not include all process and pleadings from state court.

Third, federal law (28 U.S.C. § 1654) permits a party in federal court to appear pro se, meaning to "plead and conduct their own cases personally" or to be presented by counsel. Franklin v. Garden State Life Ins., 462 F.App'x 928, 930 (11th Cir. 2012) (quoting 28 U.S.C. § 1654 and holding that Franklin, as a non-lawyer, could not proceed pro se on behalf of an estate, even though she was administratrix of the estate). "The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin, 462 F.App'x at 930 (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S. Ct. 1994, 2006-07, 167 L. Ed. 2d 904 (2007).

In Devine, the Eleventh Circuit considered the authority of Federal Rule of Civil Procedure 17(c) and concluded that while the Rule "permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." Devine, 121 F.3d at 581. In other words, while the Rules of Civil Procedure permit "an infant or incompetent person who does not have a duly appointed representative" to "sue by a next friend," that capacity is a

separate and distinct consideration from whether one has the "ability to proceed pro se in civil actions in federal court on [another person's] behalf." <u>Bar-Navon v. Sch. Bd. of Brevard Cnty.</u>, No. 6:06cv1434, 2006 U.S. Dist. LEXIS 78408, at *4-5 (M.D. Fla. Oct. 27, 2006) (citing <u>Devine</u>, 121 F.3d at 581). "An individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" <u>Bar-Navon</u>, 2006 U.S. Dist. LEXIS 78408, at *5 (citations omitted). In this case, it does not appear from the documents submitted that Tracy Robinson is an attorney and, therefore, Robinson cannot represent the interests of Marvin Mobley absent representation by counsel.

For all the reasons cited above, this case cannot proceed in this Court. Accordingly, it is recommended that the case be **remanded** to state court.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

2. Plaintiff is not required to pay the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **REMANDED** back to state court.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv530-AW-MAF